**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

J.D. MORRISON; NANCY HARTER;                                          PLAINTIFFS
DAVID OAKES; GERTIE M. RUTH;
and EUGENIA SUMMERS

v.                                  Case No. 5:09CV00146 JLH

HOSTO, BUCHAN, PRATER & LAWRENCE, PLLC                               DEFENDANTS

## OPINION AND ORDER

     This action began when the five plaintiffs named above filed five separate complaints against the law firm of Hosto, Buchan, Prater & Lawrence, P.L.L.C. ("Hosto"), each one alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.*, and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101, *et seq.*  The plaintiffs in this action were defendants in debt collection suits filed by Hosto.  In each instance, Hosto attached a note, which was printed on orange paper, to the summons and complaint served pursuant to the Arkansas Rules of Civil Procedure.  The note said:

> PLEASE NOTE:
> You have been sued.  If you would like to arrange to pay the debt, please call our law firm at (800)892-1460.  This may avoid the necessity of you appearing in Court or filing an Answer.  When calling, please reference our file number, which is found on the top of the Court papers.
>
> Thank you for your cooperation.
>
> This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Based on the filing of the complaints and the act of attaching this note to the summons and complaint, the plaintiffs allege three claims for relief.  First, they allege that the note violated various subsections of 15 U.S.C. § 1692e.  Second, they allege that the filing of the complaints against them

violated 15 U.S.C. §§ 1692e(2) and 1692d.[1]  Third, they allege that by including the note with the summons and complaint Hosto violated Rule 4.3 of the Arkansas Rules of Professional Conduct and engaged in an unconscionable, false or deceptive act or practice in violation of Ark. Code Ann. § 4-88-107(10).  Because the complaints involved common questions of law and fact, this Court granted the defendant's motion to consolidate the cases into a single action.  Hosto has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, Hosto's motion is granted, and the plaintiffs' claims are dismissed without prejudice.

## I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."  *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Id.* (quoting FED. R. CIV. P. 8(a)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[1] The complaint filed by Oakes did not include this count.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)

(citations omitted).  Stated differently, the plaintiff must "raise a right to relief above a speculative

level."  *Schaaf*, 517 F.3d at 549.

## II.

The statute, 15 U.S.C. § 1692e, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of--

    (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--

    (A) lose any claim or defense to payment of the debt; or

    (B) become subject to any practice prohibited by this subchapter.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,' and debt collectors are liable for failure to comply with 'any provision' of the Act." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) (citing 15 U.S.C. § 1692e (2006)) (internal citations

omitted).  To determine whether a debt collector communicates to the debtor in a false, misleading, or deceptive manner, the Eighth Circuit views the debt collector's communications through the eyes of the unsophisticated consumer.  *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).  The unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting.  *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).  But if a communication on its face would not mislead even a significant fraction of the population, then a court may dismiss the Fair Debt Collections Practices Act claim as a matter of law.  *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004) (applying the unsophisticated consumer test).

The complaint does not allege, nor do the plaintiffs argue, that any statement in the note attached to the summons and complaint was false.  The first sentence of the note—"You have been sued"—of course was a true statement.  The second sentence—"If you would like to arrange to pay the debt, please call our law firm . . ."—gives accurate information as to how to arrange to pay the debt.  The third sentence—"This may avoid the necessity of you appearing in Court or filing an Answer"—also is a true statement: calling the law firm and arranging to pay the debt may avoid the necessity of appearing in court or filing an answer.  The plaintiffs argue that this sentence conflicts with Rule 12(a)(1) of the Arkansas Rules of Civil Procedure, which requires a defendant to file an answer within twenty days after service of summons and complaint, but there is no allegation that Hosto ever lulled a debtor into not filing an answer and then moved for a default judgment.  The note is merely an invitation to call and discuss a voluntary resolution of the debt rather than litigate over it.  Such an approach to debt collection is entirely consistent with the aims and purposes of the Fair Debt Collections Practices Act; it is not abusive, false, deceptive, or misleading.  The allegations in

5

the complaint do not show that the note was falsely represented as an official court document, nor that the note suggested that the summons and complaint were not legal process forms or did not require action by the consumer.

The plaintiffs rely on an Illinois case in which a lawyer engaged in debt collection mailed a notice to a debtor in an envelope with a copy of the complaint and summons. *Tolentino v. Friedman*, 833 F. Supp. 697, 698-99 (N.D. Ill. 1993), *aff'd*, 46 F.3d 645 (7th Cir. 1995). The notice at issue in *Tolentino* was included with the summons and complaint and was labeled, "IMPORTANT NOTICE." The notice stated:

> In the next few days it is likely that you will receive mail from lawyers recommending that the only way you can clean up your financial affairs is to file BANKRUPTCY, and that you employ that lawyer to represent you.
>
> As you know CREDIT is extremely important in this day and age. Filing bankruptcy is not necessarily the end to your financial problems. It might cause more problems than it solves. Bankruptcy may also involve COSTS to you such as filing, trustee and attorney fees.
>
> Your failure to pay your indebtedness to this creditor has prompted the filing of this legal proceeding against you. Though this action is unfortunate, it does not hinder your ability to discuss the payment of this debt on terms that everyone can live with.
>
> Please contact this office to discuss a repayment arrangement in line with your financial situation. Please note that this office only represents the creditor and we cannot represent your interests in this matter.
>
> Law Offices
> LAWRENCE FRIEDMAN-03532
> 19 S. LaSalle Street, 10th Floor
> Chicago, IL 60603

*Id*. at 699. The district court held that the notice violated the Fair Debt Collections Practices Act because it would impress on the reader the thought that, because a lawsuit had been filed, the situation was so dire that bankruptcy might be necessary and because:

6

> The Notice gives the false impression to unsophisticated debtors that [the debt collector] is, in some way, an attorney affiliated with the court or that he is required by the court to issue this Notice in connection with the summons and complaint . . . . [It] is written in language that would seem official to an unsophisticated debtor and is included with legal process such that an unsophisticated debtor may take it as officially sanctioned, authorized, or approved.

*Id.* at 701. The notice at issue in *Tolentino* also failed to include the disclosure mandated by 15 U.S.C. § 1692e(11) that the debt collector was attempting to collect a debt, and any information obtained would be used for that purpose.[2]

Unlike the notice at issue in *Tolentino*, Hosto's note included the disclosure mandated by subsection 1692e(11). Moreover, Hosto's note was not threatening and did not suggest that the debtor's situation was dire. In fact, the plaintiffs here have argued that Hosto's note suggested that the lawsuit was not a significant matter, which is exactly the opposite of the argument in *Tolentino*. Whatever may have been the case in *Tolentino*, the complaint here alleges no facts to show that the notice violated 15 U.S.C. § 1692e other than the fact that it was attached to the summons and complaint. The plaintiffs cite no authority, however, for the proposition that § 1692e is *ipso facto* violated whenever a lawyer collecting a debt includes with the summons and complaint a message to the defendant.

The parties seem to agree that the plaintiffs' second claim for relief, which alleges that Hosto violated the Fair Debt Collections Practices Act by filing a complaint, fails to state a claim under the Fair Debt Collections Practices Act. "[T]he filing of the collection lawsuit, standing alone, does not

---

[2] The Seventh Circuit affirmed based on § 1692e(11) without reaching the other bases for the district court's holding that the notice violated the Fair Debt Collections Practices Act. *Tolentino*, 46 F.3d at 650.

violate the FDCPA." *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007).

For the reasons already stated, the complaint also fails to state a claim upon which relief may be granted under the Arkansas Deceptive Trade Practices Act. Nothing in the notice is false, deceptive, or unconscionable. The plaintiffs allege that the notice violates Rule 4.3 of the Arkansas Rules of Professional Conduct, which prohibits a lawyer from giving advice to an unrepresented person whose interests conflict with those of the lawyer's client. This Court does not construe the notice as advice to the debtor, but even if it were, the Rules of Professional Conduct are not designed to be a basis for civil liability, nor does violation of one of them give rise to a cause of action. *See* Paragraph 20 to the Preamble to the Arkansas Rules of Professional Conduct; *Allen v. Allison*, 356 Ark. 403, 413-14, 155 S.W.3d 682, 690 (2004); *Orsini v. Larry Moyer Trucking, Inc.*, 310 Ark. 179, 184, 833 S.W.2d 366, 369 (1992).

## CONCLUSION

The defendant's motion to dismiss is GRANTED. The claims of the plaintiffs are dismissed without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 17th day of September, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE